UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| MELVIN WATERS, JR., | ) |
| | ) |
| Plaintiff, | ) |
| | ) No. 3:20-CV-064-DCLC-DCP |
| v. | ) |
| | ) |
| JAKETH GLENN CALDWELL, | ) |
| CLAIBORNE COUNTY, ROBERT | ) |
| SEXTON, and CLAIBORNE COUNTY | ) |
| JUSTICE CENTER, | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM & ORDER

Plaintiff, an inmate in the Claiborne County Jail, has filed a motion for leave to proceed *in forma pauperis* [Doc. 2] and a pro se complaint for violation of his civil rights pursuant to 42 U.S.C. § 1983 [Doc. 1] in which he alleges that Defendants Caldwell and Sexton failed to protect him from and/or intentionally exposed him to other inmates who attempted to assault him on two occasions [*Id.* at 4–5]. The Court will address Plaintiff's motion for leave to *proceed in forma pauperis* before screening the complaint in accordance with the Prison Litigation Reform Act ("PLRA").

I. **FILING FEE**

First, it appears from Plaintiff's motion for leave to proceed *in forma pauperis* [Doc. 2] that Plaintiff lacks sufficient financial resources to pay the filing fee. Accordingly, pursuant to 28 U.S.C. § 1915, the motion for leave to proceed *in forma pauperis* [*Id.*] will be **GRANTED**.

Because Plaintiff is an inmate in the Claiborne County Jail, he will be **ASSESSED** the civil filing fee of $350.00. The custodian of Plaintiff's inmate trust account will be **DIRECTED** to submit to the Clerk, U.S. District Court, 800 Market Street, Suite 130, Knoxville, Tennessee

37902, as an initial partial payment, the greater of: (a) twenty percent (20%) of the average monthly deposits to Plaintiff's inmate trust account; or (b) twenty percent (20%) of the average monthly balance in his inmate trust account for the six-month period preceding the filing of the complaint. 28 U.S.C. § 1915(b) (1) (A) and (B). Thereafter, the custodian of Plaintiff's inmate trust account shall submit twenty percent (20%) of Plaintiff's preceding monthly income (or income credited to Plaintiff's trust account for the preceding month), but only when such monthly income exceeds ten dollars ($10.00), until the full filing fee of three hundred fifty dollars ($350.00) has been paid to the Clerk. 28 U.S.C. §§ 1915(b)(2) and 1914(a).

To ensure compliance with this fee-collection procedure, the Clerk will be **DIRECTED** to mail a copy of this memorandum and order to the custodian of inmate accounts at the institution where Plaintiff is now confined. This order shall be placed in Plaintiff's prison file and follow him if he is transferred to another correctional institution. The Clerk also will be **DIRECTED** to provide a copy to the Court's financial deputy.

## II. SCREENING

### A. Screening Standard

Under the PLRA, district courts must screen prisoner complaints and shall, at any time, *sua sponte* dismiss any claims that are frivolous or malicious, fail to state a claim for relief, or are against a defendant who is immune. *See, e.g.,* 28 U.S.C. §§ 1915(e)(2)(B) and 1915(A); *Benson v. O'Brian*, 179 F.3d 1014 (6th Cir. 1999). The dismissal standard articulated by the Supreme Court in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) and in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007) "governs dismissals for failure state a claim under [28 U.S.C. §§ 1915(e)(2)(B) and 1915A] because the relevant statutory language tracks the language in Rule 12(b)(6)." *Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010). Thus, to survive an initial review under the PLRA,

a complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570). Courts liberally construe pro se pleadings filed in civil rights cases and hold them to a less stringent standard than formal pleadings drafted by lawyers. *Haines v. Kerner*, 404 U.S. 519, 520 (1972).

A successful claim under § 1983 requires a plaintiff to establish that he was deprived of a federal right by a person acting under color of state law. 42 U.S.C. § 1983; *Polk County v. Dodson*, 454 U.S. 312, 315 (1981).

### B. Complaint Allegations

Plaintiff alleges that on December 5, 2019, Defendant Officer Sexton unlocked Plaintiff's protective custody cell "in the proximity of" inmates who were Plaintiff's "known enemies," "failed to protect [Plaintiff] from the threat of violence" from these inmates, and allowed these inmates to enter Plaintiff's cell, at which time they verbally assaulted and threatened Plaintiff and robbed him of approximately one-hundred dollars' worth of property [*Id.* at 4]. Plaintiff further states that "Claiborne County does not require jail officers to be trained" and that this lack of training caused this incident [*Id.*].

Plaintiff next alleges that on February 2, 2020, Defendant Officer Caldwell stated that he would let inmates out to harm Plaintiff [*Id.* at 5]. Subsequently, on February 7, 2020, while Defendant Officer Caldwell was on duty, a cell was opened during Plaintiff's recreation time, at which point an inmate "attempted to assault" Plaintiff because Defendant Officer Caldwell "created an environment" in which Plaintiff was "in the proximity of an enemy" [*Id.* at 5]. Plaintiff further claims that "[d]ue to [Defendant] Officer Glenn Caldwell's actions and statements[,] [he is] in direct danger of suffering serious physical injury in the immediate future" [*Id.*].

3

Plaintiff seeks both compensatory and injunctive relief based on the incidents alleged in the complaint and states that he seeks "to insure that this kind of injury does not occur to inmate[s] in the future" [*Id.* at 6].

**C.     Legal Standard**

Inmates have a constitutionally protected right to personal safety grounded in the Eighth Amendment. *Farmer v. Brennan*, 511 U.S. 825, 833 (1994). This includes the right to be free "from violence at the hands of other prisoners." *Bishop v. Hackel*, 636 F.3d 757, 766 (6th Cir. 2011) (quoting *Farmer*, 511 U.S. at 833). Thus, prison officials must "to take reasonable measures to guarantee the safety of the inmates." *Hudson v. Palmer*, 468 U.S. 517, 526–27 (1984).

A defendant violates this right by being deliberately indifferent to a prisoner's risk of injury. *Walker v. Norris*, 917 F.2d 1449, 1453 (6th Cir. 1990); *McGhee v. Foltz*, 852 F.2d 876, 880–81 (6th Cir. 1988). An officer is deliberately indifferent to such a risk where he is "subjectively aware of the risk" and "disregard[s] that risk by failing to take reasonable measures to abate it." *Greene v. Bowles*, 361 F.3d 290, 294 (6th Cir. 2004) (*quoting Farmer*, 511 U.S. at 829, 847).

**D.     Analysis**

First, while Plaintiff states that the inmates that Defendant Officer Sexton allowed out in the proximity of Plaintiff's cell were Plaintiff's "known enemies," the complaint does not include any facts from which the Court can plausibly infer that Defendant Officer Sexton was aware of any risk to Plaintiff from the inmates in the proximity of Plaintiff's cell when he unlocked that cell and/or after the inmates entered Plaintiff's cell. Thus, the complaint fails to state a claim upon which relief may be granted under § 1983 as to Defendant Officer Sexton. *Ashcroft v. Iqbal*, 556 U.S. 662, 681 (2009) (providing that "[t]hreadbare recitals of the elements of a cause of action,

4

supported by mere conclusory statements," are insufficient to state a claim upon which relief may be granted).

On the other hand, while Plaintiff does not allege that Defendant Caldwell opened the cell door to allow an inmate to attempt to assault Plaintiff during his recreational time on February 7, 2020, liberally construing the complaint in Plaintiff's favor, it appears that Plaintiff alleges that this incident occurred as a result of and/or in accordance with Defendant Caldwell's statement on February 2, 2020, that he would allow inmates out to assault Plaintiff.

However, as Plaintiff does not allege that he suffered any physical injury due to this attempted assault on February 7, 2020, his claims for monetary relief arising therefrom fail to state a claim upon which relief may be granted. *Wilson v. Yaklich*, 148 F.3d 598, 600–01 (6th Cir. 1998) (providing that claims seeking monetary damages for failure to protect in violation of the Eighth Amendment fail absent a physical injury).

As set forth above, however, Plaintiff's complaint also seeks injunctive relief and asserts that he is in ongoing danger due to Defendant Caldwell's "actions and statements" [*Id.* at 5–6]. Thus, the Court will allow only Plaintiff's claims for injunctive relief based on Defendant Caldwell's alleged failure to protect Plaintiff from violence on the part of other inmates to proceed in this matter. *Id.* (providing that courts may provide injunctive relief "when necessary to remedy prison conditions fostering unconstitutional threats of harm to inmates," including where the plaintiff alleges an "ongoing constitutional violation").

As no facts in the complaint suggest that Defendant Caldwell's acts or statements related to Plaintiff were the result of any custom or policy of Defendant Claiborne County, however, this municipality Defendant will be **DISMISSED**. *See Monell v. Dep't of Soc. Servs. of New York*,

5

436 U.S. 658, 690–91 (1978) (holding that a municipality may be liable under § 1983 only where a constitutional deprivation resulted from the municipality's custom or policy).

Also, as the Claiborne County Justice Center is not a suable entity under § 1983, it will also be **DISMISSED**. *See Marbry v. Corr. Med. Serv.*, No. 99-6706, 2000 WL 1720959, at *2 (6th Cir. Nov. 6, 2000) (holding that "the Shelby County Jail is not an entity subject to suit under §1983").

## IV. CONCLUSION

For the reasons set forth above;

1. Plaintiff's motion for leave to proceed *in forma pauperis* [Doc. 2] is **GRANTED**;

2. Because Plaintiff is an inmate in the Claiborne County Jail, he is **ASSESSED** the civil filing fee of $350.00;

3. The custodian of Plaintiff's inmate trust account is **DIRECTED** to submit the filing fee to the Clerk in the manner set forth above;

4. The Clerk is **DIRECTED** to mail a copy of this memorandum and order to the custodian of inmate accounts at the institution where Plaintiff is now confined and to provide a copy to the Court's financial deputy;

5. Even liberally construing the complaint in favor of Plaintiff, all claims except Plaintiff's claims for injunctive relief against Defendant Caldwell based on his failure to protect Plaintiff from violence on the part of other inmates fail to state a claim upon which relief may be granted under § 1983;

6. Accordingly, Defendants Sexton, Claiborne County, and Claiborne County Justice Center and all of Plaintiff's claims for monetary relief are **DISMISSED**;

7. The Clerk is **DIRECTED** to send Plaintiff a service packet (a blank summons and USM 285 form) for Defendant Caldwell;

8. Plaintiff is **ORDERED** to complete the service packet and return it to the Clerk's Office within thirty (20) days of entry of this memorandum and order. At that time, the summons will be signed and sealed by the Clerk and forwarded to the U.S. Marshal for service pursuant to Fed. R. Civ. P. 4;

9. Plaintiff is **NOTIFIED** that failure to return the completed service packet within the time required may result in dismissal of this action for want of prosecution and/or failure to follow Court orders;

10. Defendant Caldwell shall answer or otherwise respond to the complaint within twenty-one (21) days from the date on which they are served;

11. If Defendant Caldwell fails to timely respond to the complaint, any such failure may result in entry of judgment by default; and

12. Plaintiff is **ORDERED** to immediately inform the Court and Defendant Caldwell or his counsel of record of any address changes in writing. Pursuant to Local Rule 83.13, it is the duty of a pro se party to promptly notify the Clerk and the other parties to the proceedings of any change in his or her address, to monitor the progress of the case, and to prosecute or defend the action diligently. E.D. Tenn. L.R. 83.13. Failure to provide a correct address to this Court within fourteen days of any change in address may result in the dismissal of this action.

**SO ORDERED**.

**E N T E R:**

s/Clifton L. Corker
United States District Judge