UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | | |
|---|---|---|---|
| MELVIN WATERS, JR., | ) | | |
| | ) | | |
| Plaintiff, | ) | | |
| | ) | | |
| v. | ) | No. | 3:20-CV-064-DCLC-DCP |
| | ) | | |
| JAKETH GLENN CALDWELL, | ) | | |
| | ) | | |
| Defendant. | ) | | |

## MEMORANDUM OPINION

This is a pro se prisoner's complaint for violation of 42 U.S.C. § 1983. On June 15, 2020, the United States Postal Service ("USPS") returned the Clerk's mail to Plaintiff containing a Court order as undeliverable [Doc. 17]. Subsequently, on July 6, 2020, the Court entered an order noting the USPS's return of this mail and Plaintiff's failure to file an updated address within two weeks after that return, but also that the notation on the returned mail stated "vacant" despite the Court mailing it to the Scott County Jail, and that Plaintiff had previously responded to a Court order despite the USPS returning the Clerk's mail to Plaintiff containing that order [Doc. 18 p. 1–2]. Thus, the Court ordered Plaintiff to show good cause as to why this action should not be dismissed for failure to prosecute and/or failure to comply with Court orders within ten (10) days of entry of that order, notified Plaintiff that if he did not timely comply with that order, this action would be dismissed, and directed the Clerk to send that order to Plaintiff at the Claiborne County Jail, the Scott County Jail, and the permanent address listed on Plaintiff's complaint [*Id.* at 2]. More than twenty days have passed since entry of the Court's most recent order and Plaintiff has not complied therewith or otherwise communicated with the Court.

Moreover, as the Court noted in its previous order, the Court has repeatedly notified Plaintiff that he is required to notify the Court of any change of address within fourteen days and that this matter may be dismissed if he fails to do so [Doc. 14 p. 2; Doc. 11 p. 2; Doc. 6 p. 7; Doc. 3], and Plaintiff has recognized this requirement by updating the Court of a previous change in address [Doc. 5]. However, Plaintiff has not notified the Court of any change in address since the USPS's return of the Clerk's mail to Plaintiff on June 15, 2020.

Rule 41(b) of the Federal Rules of Civil Procedure gives this Court the authority to dismiss a case for "failure of the plaintiff to prosecute or to comply with these rules or any order of the court." *See, e.g.*, *Nye Capital Appreciation Partners, L.L.C. v. Nemchik*, 483 F. App'x 1, 9 (6th Cir. 2012); *Knoll v. Am. Tel. & Tel. Co.*, 176 F.3d 359, 362–63 (6th Cir. 1999). The Court examines four factors when considering dismissal under Fed. R. Civ. P. 41(b):

> (1) whether the party's failure is due to willfulness, bad faith, or fault; (2) whether the adversary was prejudiced by the dismissed party's conduct; (3) whether the dismissed party was warned that failure to cooperate could lead to dismissal; and (4) whether less drastic sanctions were imposed or considered before dismissal was ordered.

*Wu v. T.W. Wang, Inc.*, 420 F.3d 641, 643 (6th Cir. 2005); *see Reg'l Refuse Sys., Inc. v. Inland Reclamation Co.*, 842 F.2d 150, 155 (6th Cir. 1988).

As to the first factor, the Court finds that Plaintiff's failure to respond to the Court's previous order is due to Plaintiff's willfulness or fault, as it appears that Plaintiff either received that order and chose not to comply therewith, or did not receive that order because he failed to update the Court as to his current address within fourteen days of an address change despite the Court repeatedly informing him of the requirement that he do so. As to the second factor, the Court finds that Plaintiff's failure to comply with the Court's previous order has not prejudiced Defendant. As to the third factor, again, as set forth above, Court's last order warned Plaintiff that

this action would be dismissed if he failed to timely comply therewith, and the Court has repeatedly warned Plaintiff that this action may be dismissed if he did not timely update his address. Finally, as to the fourth factor, the Court finds that alternative sanctions are not warranted. Plaintiff was proceeding *in forma pauperis* herein and has failed to prosecute this case or comply with Court orders.

Accordingly, this action will be **DISMISSED** pursuant to Rule 41(b). *Jourdan v. Jabe,* 951 F.2d 108, 109 (6th Cir. 1991) (noting that "while pro se litigants may be entitled to some latitude when dealing with sophisticated legal issues, acknowledging their lack of formal training, there is no cause for extending this margin to straightforward procedural requirements that a layperson can comprehend as easily as a lawyer"). The Court **CERTIFIES** that any appeal from this action would not be taken in good faith and would be totally frivolous. Fed. R. App. P. 24.

**AN APPROPRIATE JUDGMENT ORDER WILL ENTER.**
**E N T E R:**

**SO ORDERED:**

                                        s/Clifton L. Corker
                                        United States District Judge